Filed 7/11/22 P. v. Johnson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081562 |
| Plaintiff and Respondent, | (Super. Ct. No. BF100124A) |
| v. | |
| GLENN MAURICE JOHNSON, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County. Michael G. Bush, Judge.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P. J., Meehan, J. and DeSantos, J.

# INTRODUCTION

Petitioner Glenn Maurice Johnson petitioned the trial court for resentencing on his conviction for second degree murder. (Pen. Code,[1] § 1170.95.) The court denied the petition at the prima facie stage without providing a statement of reasons.

We conclude the record does not establish petitioner is ineligible for resentencing as a matter of law, and the court therefore erred in denying the petition at the prima facie stage. Accordingly, we reverse.

# FACTUAL AND PROCEDURAL HISTORY

We previously summarized the facts underlying petitioner's offenses as follows[2]:

> "After an evening together at a dance club, Lamar [R.[3]] and his cousin Curtis [R.] drove to a convenience store and parked their cars nearby. Lamar stayed outside while Curtis went inside to buy some water. After Curtis saw people outside 'scurrying around as if they were leaving hastily,' he and Lamar started back to their cars. In an alley along the way, Curtis saw [petitioner] and [co-defendant Arthur] Lenix walking toward them. He knew [petitioner], with whom he had played basketball a few times and with whom Lamar had attended school. [Petitioner] looked as if 'he had had a couple of drinks,' so Curtis, on the way by, 'patted him on the chest, hey man, wake up.'
>
> "Once [petitioner] and Lenix were behind Curtis and Lamar, Curtis heard a metallic object hit the ground. Lamar turned around and told him Lenix 'dropped a .38.' Curtis turned around and saw Lenix reach down and put something in his waistband. Curtis said, 'Let's go.' As soon as Curtis and Lamar got back to their cars, Deshonta [G.] was standing there telling them that some 'East Side' people were 'tripping.' That made no sense to Curtis, since nobody he knew there was a gang member. Again, he said, 'Let's go.' As he drove away, he saw [Deshonta] open Lamar's car door.

---

[1] Undesignated statutory references are to the Penal Code.

[2] We quote from our nonpublished opinion in petitioner's direct appeal to provide context for the parties' arguments. We do not rely on this factual summary to resolve the issues presented in this appeal. (See § 1170.95, subd. (d)(3).)

[3] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

2.

After he turned around a corner, he saw that Lamar's car was not behind him. He backed up and saw that Lamar was still talking to [Deshonta].

"Suddenly Curtis saw 'Lenix walk over and fire two, three shots' into Lamar's head. Lamar instantly fell in front of his car. [Deshonta] and Lenix 'hesitated for a split second' and started walking away. Curtis started driving toward them, intending to hit them with his car. Lenix began firing the gun in his direction. [Deshonta] ran past his car. Another car pulled out of a connecting alley and stopped. As Lenix opened the passenger door, the car's dome light and Curtis's headlights illuminated the interior of the other car. Curtis saw [petitioner] at the wheel. Lenix got in, and [petitioner] drove away. In court, Curtis testified there was no doubt in his mind that [petitioner] was the driver of the other car." (*People v. Johnson* (June 17, 2011, F055346) [nonpub. opn.], fn. omitted (*Johnson III*).)

Petitioner was charged with first degree premeditated murder (§ 187, subd. (a); count 1), conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a); count 2), and being an accessory after the fact to murder (§ 32; count 5). As to each count, the information also alleged a firearm enhancement (§ 12022, subd. (a)(1)), and a prior prison term enhancement (§ 667.5, former subd. (b)).[4] A jury found him not guilty of first degree murder, but guilty of second degree murder, conspiracy to murder, and accessory to murder. The jury also found all three firearm allegations true. (*People v. Johnson* (2004) 119 Cal.App.4th 976, 978 (*Johnson I*); see *People v. Johnson* (2006) 142 Cal.App.4th 776, 786 (*Johnson II*).) "On appeal after his first trial, we reversed the judgment and ordered a new trial because the court's erroneous instruction on reasonable doubt impermissibly lowered the prosecution's constitutional burden of proof." (*Johnson III*, *supra*, F055346; see *Johnson I*, at pp. 985-987.)

In his second trial, a jury again found petitioner guilty of second degree murder, conspiracy to murder, and accessory to murder. (*Johnson II*, *supra*, 142 Cal.App.4th at

---

**4** The information alleged additional charges, the disposition of which is not clear from the record. However, petitioner was not convicted of the additional charges and they are irrelevant to our analysis.

p. 779.) "On appeal after his second trial, we reversed the judgment and ordered a new trial because the prosecutor's withholding of discovery about his sole eyewitness violated Johnson's constitutional right to due process." (*Johnson III*, *supra*, F055346; see *Johnson II*, at pp. 785-786, 789.)

In his third trial, a jury again found petitioner guilty of second degree murder, conspiracy to murder, and accessory to murder, and found the arming allegations true as to each count. In bifurcated proceedings, the court found the prior prison term allegations true as to each count. On appeal after his third trial, we struck the arming enhancement to count 3 and the prior prison term enhancements to counts 1 and 3 and otherwise affirmed.[5] (*Johnson III*, *supra*, F055346.)

On February 4, 2019, petitioner, proceeding in propria persona, filed a petition for resentencing pursuant to section 1170.95. The People opposed the petition on two grounds: petitioner's conviction was not based on a felony-murder theory and Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) is unconstitutional. In their brief, the People provided a short factual summary of the case but did not identify an evidentiary source for those facts.

On May 30, 2019, petitioner, through the public defender, filed a second petition for resentencing pursuant to section 1170.95. With the petition, petitioner submitted a declaration stating that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of second degree murder at trial; and he could not now be convicted of second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.

---

[5] The prior prison term enhancements arose out of a conviction for possession of cocaine base for sale (Health & Saf. Code, § 11351.5). (*Johnson III*, *supra*, F055346.) The validity of the remaining prior prison term enhancement is not before us. (See § 1171.1.)

4.

On March 18, 2020, the court denied the People's request to dismiss the petition based on the unconstitutionality of Senate Bill No. 1437. On May 15, 2020, petitioner filed a further response to the People's opposition and submitted on the petition filed February 4, 2019, in which petitioner denied being the actual killer.

On August 10, 2020, the trial court denied the petitions without providing a statement of reasons.

This timely appeal followed.

## DISCUSSION

### I.    Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless

5.

indifference to human life, as described in subdivision (d) of Section 190.2."[6] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

---

[6] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b)

7.

of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.    The Record Does Not Establish Petitioner Is Ineligible for Resentencing

When this matter first was briefed, petitioner argued the trial court erred in looking beyond his facially sufficient petition to resolve his eligibility for resentencing. Thereafter, our Supreme Court issued its decision in *Lewis*, *supra*, 11 Cal.5th at pp. 970-971, clarifying that a court may review the record of conviction to determine whether a petitioner has stated a prima facie claim for resentencing eligibility. In supplemental briefing, petitioner argues the record of conviction does not establish he is indisputably ineligible for resentencing, as required to the deny petition at the prima facie stage. In this regard, petitioner points out the only documents before the court were the parties' briefs, and the only facts before the court were those contained in the factual summary provided by the People, for which no evidentiary source was provided. In turn, the People argue petitioner is ineligible for resentencing as a matter of law because his conviction of conspiracy to commit murder establishes the jury found him guilty of murder under an express malice theory, which remains valid after the passage of Senate Bill No. 1437. However, petitioner points out he was not convicted of first degree murder, but rather second degree murder, and the conspiracy conviction therefore cannot establish he is ineligible for resentencing as a matter of law.

Based on the foregoing, the dispositive question before us is whether petitioner's conviction for conspiracy to commit murder establishes he is ineligible for resentencing as a matter of law.[7] For reasons we explain, we conclude it does not.

"[C]onspiracy is a specific intent crime requiring an intent to agree or conspire, and a further intent to commit the target crime, here murder, the object of the conspiracy." (*People v. Swain* (1996) 12 Cal.4th 593, 602.) As our Supreme Court has explained, " 'all conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first degree murder.' " (*People v. Beck and Cruz* (2019) 8 Cal.5th 548, 641.) Here, however, petitioner was not convicted of first degree premeditated murder. To the contrary, petitioner's first jury acquitted him of first degree premeditated murder. (*Johnson I*, *supra*, 119 Cal.App.4th at p. 978; see *Johnson II*, *supra*, 142 Cal.App.4th at p. 786.) Each jury that has considered the case has convicted petitioner of second degree murder. (*Johnson I*, at p. 978; *Johnson II*, at p. 779; *Johnson III*, *supra*, F055346.)

We addressed the apparent inconsistency between the acquittal of first degree murder and the conviction of conspiracy to commit murder in the appeal from petitioner's second trial. (*Johnson II*, *supra*, 142 Cal.App.4th at p. 786.) There, petitioner argued his first jury had rejected the mental state of premeditation and deliberation when it acquitted him of first degree murder, and thus retrial on the charge of conspiracy to murder was barred by the double jeopardy clause. (*Ibid.*) We acknowledged the inconsistency in the prior jury's verdict, but declined to engage in " 'pure speculation' " regarding the reason for the inconsistency, noting that " '[a]n

_____

[7] In his supplemental reply brief, petitioner also argues the court erred in failing to hold a prima facie hearing and in failing to issue a statement of reasons, as required under Senate Bill No. 775 (2021-2022 Reg. Sess.) and recent amendments to section 1170.95, subdivision (c). These arguments are moot in light of our disposition.

inconsistency may show no more than jury lenity, compromise, or mistake.' " (*Id.* at p. 788.)

Similarly, here, it would be " 'pure speculation' " to conclude the jury convicted petitioner of second degree murder on a finding that he premeditated and deliberated the murder. (See *Johnson II*, *supra*, 142 Cal.App.4th at p. 788.) The record before us contains no admissible evidence regarding the underlying facts. (§ 1170.95, subd. (d)(3); see *People v. Flores* (2022) 76 Cal.App.5th 974, 988 (*Flores*) ["[T]he factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing."].) The jury instructions are not contained in the record on appeal. (Compare *People v. Whitson* (2022) 79 Cal.App.5th 22, 31-33 [in light of modified jury instructions, conviction of conspiracy to commit murder *did not* establish, as a matter of law, that the petitioner was convicted of murder based on a jury finding of intent to kill], with *People v. Medrano* (2021) 68 Cal.App.5th 177, 182-186 [in light of jury instructions, conviction of conspiracy to commit murder established, as a matter of law, that the petitioner was not convicted of murder under a natural and probable consequences theory].) For purposes of resentencing eligibility, the People effectively ask us to convert petitioner's conviction of second degree murder to a conviction of first degree premeditated murder, an offense of which petitioner was acquitted. The record on appeal does not support such a finding, let alone permit us to draw such conclusion as a matter of law.

In sum, petitioner adequately alleged a prima facie claim for resentencing and the record does not rebut his allegations as a matter of law. The trial court was required to issue an order to show cause (§ 1170.95, subd. (c)), and to hold a hearing at which the prosecution bears the burden of proving petitioner's ineligibility for resentencing beyond a reasonable doubt, unless such hearing is waived (§ 1170.95, subd. (d)). In failing to do so, the court erred. Accordingly, we must reverse and remand for further proceedings. We express no opinion on the merits of the petition.

## **DISPOSITION**

The August 10, 2020 order denying petitioner's section 1170.95 petition is reversed. On remand, the trial court is directed to issue an order to show cause and to conduct further proceedings as required under section 1170.95, subdivision (d), in light of the principles set forth herein.